FILED
CLERK, U.S. DISTRICT COURT

10/8/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>  Plaintiff,<br><br>  v.<br><br>TOKYO LLC and DOES 1–10,<br><br>  Defendants. | Case No.: CV 20-01821-CJC(AFMx)<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [Dkt. 19] AND ORDERING PLAINTIFF TO SHOW CAUSE** |

## I. INTRODUCTION & BACKGROUND

On February 26, 2020, Plaintiff Brian Whitaker filed this lawsuit against Defendant Tokyo LLC and unnamed Does asserting violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 [Complaint, hereinafter "Compl."].) Plaintiff, who is quadriplegic and uses a wheelchair for mobility, alleges that in January 2020, he visited Donatsu, located at 330 East 2nd

-1-

Street, Los Angeles, California. (*Id.* ¶¶ 1–3, 8.) Defendant owns Donatsu. (Dkt. 19-9 [Public Records Search].) Plaintiff allegedly went to Donatsu with "the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws," but encountered architectural barriers. (Compl. ¶¶ 8–16.) Specifically, Plaintiff alleges that Defendant does not provide wheelchair accessible dining surfaces in violation of the ADA accessibility standards. (*Id.* ¶¶ 10–11.) This barrier allegedly denied Plaintiff full and equal access to the store, in violation of the ADA, 42 U.S.C. §§ 1201 *et seq.*, and the Unruh Act, Cal. Civ. Code §§ 51–53. On March 16, 2020, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. (Dkt. 10.)

After Defendant failed to appear in this action and the clerk entered default against it, Plaintiff filed the instant application for default judgment. (Dkt. 19 [Application]; Dkt. 19-1 [Points and Authorities, hereinafter "App."].) For the following reasons, the application is **DENIED**.[1]

## II. ANALYSIS

After entry of default, a court may grant a default judgment on the merits of the case. Fed. R. Civ. P. 55(a)–(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising such discretion, a court may consider the merits of plaintiff's substantive claim and the sufficiency of the complaint. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Two of what are commonly called the *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v.*

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 19, 2020, at 1:30 p.m. is hereby vacated and off calendar.

*Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Because default has been entered in this case, the Court must construe as true all of "the factual allegations of the complaint, except those relating to the amount of damages." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Here, Plaintiff provides insufficient factual allegations to state an ADA claim.

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities . . . or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily available." *Id.* § 12182(b)(2)(A)(iv).

Plaintiff alleges that upon visiting the store, he was discriminated against because its dining surfaces did not comply with ADA requirements. (Compl. ¶¶ 10–12, 14–16.) Plaintiff, however, fails to provide sufficient factual allegations to support this claim. Rather, he asserts only conclusory allegations that the dining surface "were not accessible" and had "toe clearance issues." (*See id.*; App. at 1.) Declarations submitted by Plaintiff and his investigator merely parrot these allegations and do not provide any specific facts which would substantiate his claim. (*See* Dkt. 19-6 [Declaration of Brian Whitaker] ¶ 4; Dkt. 19-7 [Declaration of Evens Louis] ¶ 3.) Nor are Plaintiff's investigator's photographs any more helpful. (*See* Dkt. 19-8.)

Plaintiff's application also fails to offer any facts beyond the conclusory. It merely states the ADA requirements for usable floor space and toe clearance without providing any information about Donatsu's measurements or the specific ways Donatsu fell short of meeting those requirements. (App. at 5–6.) Plaintiff then summarily states that, "[h]ere, accessible dining surfaces have not been provided," without further support. (*Id.* at 6.)

In sum, even accepting all of Plaintiff's allegations as true, the Court is left to speculate what Defendant did wrong at Donatsu. Because Plaintiff fails to allege sufficient facts to support his ADA claim, the Court will not exercise its discretion to grant default judgment. *See Aldabe*, 616 F.2d at 1092.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's application for default judgment is **DENIED**. Given the fatal deficiencies in the Complaint, the Court hereby **ORDERS** Plaintiff to show cause as to why the Complaint should not be dismissed without prejudice. Plaintiff shall have until **October 23, 2020** to respond.

DATED: October 8, 2020

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE